IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FILED

12 AUG 21  PM 2: 18

FOR THE ........ DISTRICT
OF INDIANA

| | | |
|---|---|---|
| AWS FOUNDATION, INC., | ) | |
| A.W. HOLDINGS, LLC and | ) | |
| JOHN DOES 1 THRU 9 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | CIVIL NO:  1:12-CV- |
| | ) | **1  1 12CV282** PPS |
| WELLS COUNTY AREA PLAN | ) | |
| COMMISSION and WELLS | ) | |
| COUNTY BOARD OF ZONING | ) | |
| APPEALS | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Come now the Plaintiffs, AWS Foundation, Inc. (hereinafter the "Foundation"),

A.W. Holdings, LLC (hereinafter "A.W. Holdings"), and John Does 1 through 9, by

counsel, and for their Complaint against Defendants, Wells County Area Plan

Commission (hereinafter the "Plan Commission") and Wells County Board of Zoning

Appeals (hereinafter the "Wells County BZA"), allege and say as follows:

**I. Nature of the Action**

1.      This action is brought for an injunction, damages, costs and counsel fees

by reason of discrimination against persons with handicaps in violation of the Fair

Housing Act of 1968, as amended by the Fair Housing Act Amendments Acts of 1988,

42 U.S.C. § 3601 et seq. (hereinafter the "FHA"), and against disabled persons, in

violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 (hereinafter the "ADA").

## II. Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1336 and 42 U.S.C. § 12133.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 since all the Defendants reside in this District and the claims and events giving rise to this Complaint arose in this District.

## III.  The Parties

4.      The Foundation is an Indiana not-for-profit corporation with a principal place of business at 8515 Bluffton Road, Fort Wayne, Indiana 46809.

5.      A.W. Holdings is an Indiana limited liability company with a  principal place of business at 8515 Bluffton Road, Fort Wayne, Indiana 46809.

6.      John Does 1 through 9 are developmentally disabled adults who reside in homes, under the care and supervision of A.W. Holdings, on three parcels of property owned by the Foundation located in Wells County, Indiana.

7.      The Plan Commission is the governmental entity established under the laws of the State of Indiana and charged with the enforcement of the zoning laws in Wells County, Indiana.

8.      The Wells County BZA is a governmental entity established under the laws of the State of Indiana and charged with the enforcement of zoning laws in Wells County, Indiana.

## IV.  Factual Background

9.      The Foundation is an Indiana not-for-profit corporation which was organized on May 10, 2007.

10.     The purpose of the Foundation is to create and coordinate resources to enrich the lives of disabled persons.

11.     The Foundation is the owner of three parcels of property located in Wells County, Indiana at 6556 E.1200 N., Ossian, Indiana 46777 ("Parcel 1"), 3223 W. 1000 N., Markle, Indiana 46770 ("Parcel 2"), and 4659 W. 900 N., Markle, Indiana 46770 ("Parcel 3") (collectively the "Properties").  There is a residential home located on each parcel.

12.     A.W. Holdings is an Indiana limited liability company which was organized on November 11, 2006 and began operations on July 1, 2007.

13.     A.W. Holdings, in general, provides supported living services to clients with mental and/or physical disabilities.

14.     A.W. Holdings operates the homes on the Properties, providing supported living services to John Does 1 through 9.

15.     John Does 1 through 4 are developmentally disabled individuals who reside under the care and supervision of A.W. Holdings in the home located on Parcel 1.

16.     John Does 5 through 8 are developmentally disabled individuals who reside under the care and supervision of A.W. Holdings in the home located on Parcel 2.

17.     John Doe 9 is a developmentally disabled individual who resides under the care and supervision of A.W. Holdings at the home located on Parcel 3.

18.     The Wells County Zoning and Flood Plain Management Ordinance ("Zoning Ordinance") identifies permitted uses of property in zoning districts.

19.     The Properties are each in an A1 zoning district under the Zoning Ordinance.

20.     Under the Zoning Ordinance, A1 zoning districts do not allow "group homes."

21.     The Zoning Ordinance defines a "group home" as "a residential structure housing multiple individuals that share common areas of the structure and that share certain residential expenses."

22.     The Zoning Ordinance does allow "supervised homes" to be located in A1 zoning districts.

23.     The Zoning Ordinance defines a "supervised home" as "a single family dwelling for the housing of people not related by blood or law, and under the custody, control, tutelage, supervision, or authority of any legal entity."

24.     On or about April 27, 2012, Michael Lautzenheiser, Jr., APC Director for the Plan Commission sent a letter to the Foundation. The Properties were the subject of the letter. The letter indicated that there may be "ordinance issues" with respect to the Properties. The letter explained several pertinent ordinance requirements, including the Zoning Ordinance's prohibition of "group homes" in A1 zoning district. A true and

4

accurate copy of that letter is attached hereto, made a part hereof, and marked as Exhibit "1".

25.     On May 30, 2012, Lautzenheiser, Jr. sent another letter to the Foundation. The Properties were the subject of the letter.  The letter notified the Foundation that the Properties were in violation of the Zoning Ordinance.  The letter stated that the homes located on the Properties constituted group homes which were not permitted in an A1 zoning district (the "Administrative Decision").  The letter also ordered the Foundation to cease the use of the Properties for such group homes.  A true and accurate copy of that letter is attached hereto, made a part hereof, and marked as Exhibit "2".

26.     On June 8, 2012, the Foundation timely filed its appeals from the Administrative Decision of the Plan Commission with the Wells County BZA.   A true and accurate copy of those appeals are attached hereto, made a part hereof, and marked as Exhibit "3".

27.     In its appeals, the Foundation contended that the Properties were improperly classified as group homes by the Plan Commission and that the action of the Plan Commission constituted a failure to provide a reasonable accommodation to handicapped and mentally challenged residents in violation of the FHA and ADA.

28.     A hearing of the appeals was held by the Wells County BZA in Bluffton, Indiana on June 26, 2012.

29.     At that hearing, counsel for the Foundation presented facts and argument that the homes located on the Properties were not in violation of the Zoning Ordinance

and that the actions of the Plan Commission with respect to the Administrative Decision constituted a violation of the FHA and ADA.

30.     At that hearing, which was open to the public, there were numerous public comments made stating baseless concerns about the type of people who resided on the Properties (disabled) and the activities of those disabled people.

31.     At the conclusion of the hearing on June 26, 2012, the Wells County BZA voted 3 to 2 to affirm the Administrative Decision that the Properties were in violation of the Zoning Ordinance.

32.     Subsequently, on July 10, 2012, the Foundation was provided with the Order and findings of the BZA affirming the administrative decision of the Plan Commission.  A true and accurate copy of the Wells County BZA finding and Order are attached hereto, made a part hereof, and marked as Exhibit "4".

### V.  Causes of Action

### COUNT I – Fair Housing Act

33.     Plaintiffs incorporate herein by this reference the same as if set forth in full the allegations in rhetorical Paragraphs 1through 32f the Complaint.

34.     The homes  on the Properties, which the Plan Commission and Wells County BZA declared to be violative of the Zoning Ordinance, are dwellings within the meaning of FHA, 42 U.S.C. § 3602(b).

35.     John Does 1 through 9 are "handicapped" within the meaning of the FHA, 42 U.S.C. § 3602(h).

36.     Plaintiffs are "aggrieved persons" as defined under FHA, 42 U.S.C. § 3602(i), and suffered damages as a result of the actions and discriminatory conduct of the Plan Commission and the Wells County BZA.

37.     The FHA, 42 U.S.C. § 3604(f)(1), makes it unlawful to discriminate in the sale or rental, or to otherwise make unavailable a dwelling to any buyer or renter because of a handicap of that buyer or renter; a person residing in or intending to reside in the dwelling after it is sold, rented or made available; or any person associated with that buyer or renter.

38.     The FHA, 42 U.S.C. § 3604(f)(2), makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person; or a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or any person associated with that person.

39.     The FHA definition of "discrimination," set forth in FHA, 42 U.S.C. § 3604(f)(3)(B), includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

40.     The actions of the Plan Commission and Wells County BZA described above demonstrate that each defendant has:

(a) discriminated in the rental or otherwise made unavailable or denied a dwelling to renters or potential renters, because of a handicap of such renters or prospective renters, in violation of FHA, 42 U.S.C. § 3604(f)(1);

7

(b) discriminated against persons in the terms, conditions, or privileges of the rental of a dwelling because of the handicaps of persons who are likely to reside in that dwelling in violation of FHA, 42 U.S.C. § 3604(f)(2); and

(c) refused to make one or more reasonable accommodations in rules, policies, practices or service, which are necessary to afford persons with handicaps an equal opportunity to use and enjoy a dwelling, in violation of FHA, 42 U.S.C. § 3604(f)(3)(B).

41.     The actions of the Plan Commission and Wells County BZA described above make unavailable and deny a dwelling to persons because they suffer from handicaps within the meaning of the FHA, namely, John Does 1 through 9.

42.     Defendants could have made reasonable accommodations in its rules, policies and practices as required by FHA, 42 U.S.C. § 3604(f)(3)(B), by finding that the homes located on the Properties were not in violation of the Zoning Ordinance, and in ruling that the homes located on the Properties may continue to operate.

43.     Under FHA, 42 U.S.C. § 3617, "it shall be unlawful to coerce, intimidate, threaten or interfere with any person in the exercise of enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606."

44.     The actions of the Plan Commission and Wells County BZA constitute interference with, coercion and intimidation of plaintiffs in their exercise or enjoyment of, or on account of having exercised and enjoyed, or on account of their having aided

or encouraged other persons in the exercise or enjoyment of their rights under the FHA in violation of FHA, 42 U.S.C. § 3617.

45.     The actions of the Plan Commission and Wells County BZA prevent John Does 1 through 9, persons with handicaps, from obtaining housing in Wells County. The actions of the Plan Commission and Wells County BZA were intentionally taken so as to deny housing opportunities on account of handicaps and to interfere with persons having aided or encouraged other persons in the exercise or enjoyment of rights that the FHA protect.

46.     The Plan Commission and Wells County BZA acted knowingly and intentionally, willfully, wantonly and with reckless disregard to the rights of the Plaintiffs.

47.     The acts of the Plan Commission and Wells Count BZA unless enjoined, shall result in the denial of housing opportunities to John Does 1 through 9.

48.     The Plan Commission and Wells County BZA acted under color of state law at all times relevant to this Complaint.

### COUNT II – Americans with Disabilities Act

49.     Plaintiffs incorporate herein by this reference the same as if set forth in full the allegations of rhetorical Paragraphs 1 through 48 of this Complaint.

50.     19.     John Does 1 through 9 are "qualified individuals with a disability" as defined in the ADA, 42 U.S.C. § 12131(2), and its implementing regulations.

51.     The Plan Commission and Wells County BZA are each a "public entity" as defined in the ADA, 42 U.S.C. § 12131(1), and its implementing regulations.

9

52. Plaintiffs are all "person[s] alleging discrimination on the basis of disability," pursuant to ADA, 42 U.S.C. § 12133, who have suffered, or may have suffered, injury by the actions of the Plan Commission and Wells County BZA as described above.

53. Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subject to discrimination by any such entity."

54. The ADA's implementing regulations, 28 C.F.R. § 35.130(g), require that a public entity "not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

55. The zoning activities of the Plan Commission and Wells County BZA, and any administrative processes and hearings they facilitate and any findings and recommendations issued by them, are "services programs or activities" of a public entity pursuant to ADA, 42 U.S.C. § 121312, and its implementing regulations.

56. The actions of the Plan Commission and Wells County BZA described herein excluded John Does 1 through 9 from participation in, denied Plaintiffs the benefits of, and subjected Plaintiffs to discrimination in the provision of its services, programs or activities, in violation of ADA, 42 U.S.C. § 12132.

57. The Foundation and A.W. Holdings are, in general, known to have a relationship and association with individuals with disabilities.

10

58.     Each of the Plan Commission and Wells County BZA know that both the Foundation and A.W. Holdings have a relationship and association with individuals with disabilities.

59.     The actions of the Plan Commission and Wells County BZA described above excluded the Foundation and A.W. Holdings from participation in, denied Plaintiffs the benefits of, and subjected Plaintiffs to discrimination in the provision of its services, programs or activities, and such actions of the Plan Commission and Wells County BZA were taken because of the known disabilities of John Does 1 through 9 with whom each entity is known to have a relationship or association, in violation of the ADA's implementing regulations, 28 C.F.R. § 35.130(g).

60.     The ADA's implementing regulations, 28 C.F.R. § 35.130(b)(7), require that a public entity make reasonable modifications policies, practices and procedures to avoid discrimination on the basis of disability.

61.     The Plan Commission and the Wells County BZA failed to make reasonable modifications, policies, practices and procedures to avoid discrimination on the basis of disability, in violation of the ADA's implementing regulations, 28 C.F.R. § 35.130(b)(7).

62.     Such modification could have been made by the Plan Commission and Wells County BZA in finding that the homes located on the Properties were not in violation of the Zoning Ordinance, and in ruling that the homes located on the Properties may continue to operate.

63.     The failure of the Plan Commission and the Wells County BZA to make such modification has resulted in discrimination on the basis of disability.   Unless enjoined, the actions of the Plan Commission and Wells County BZA due to its failure to make such modification shall result in the denial of programs and services offered by A.W. Holdings to developmentally disabled individuals to John Does 1 through 9.

WHEREFORE, Plaintiffs, AWS Foundation, Inc., A.W. Holdings, LLC and John Does 1 through 9, by counsel, pray that the Court enter judgment in their favor and award the following relief:

A.     Enter a declaratory judgment that the actions of the Defendants constitute discrimination prohibited by the FHA and ADA;

B.     Enter preliminary and permanent injunctions directing the defendants to withdraw their finding that the homes located on the Properties are in violation of the Zoning Ordinance and to withdraw the cease and desist order issued to the Plaintiff, AWS Foundation, Inc.;

C.     Award plaintiffs such damages as would fully compensate them for their injuries caused by the defendant's discriminatory housing practices;

D.     Award the appropriate punitive damages against defendants so as to deter any future discriminatory housing practices;

E.     Award plaintiffs their costs, expenses and reasonable attorneys' fees; and

F.     Any additional relief as the Court deems proper.

12

Respectfully submitted,

CARSON BOXBERGER LLP

By _____

Larry L. Barnard (11904-49)
Timothy M. Pape (18824-02)
Jeremy V. Senk (23131-02)
Attorneys for Plaintiffs

1400 One Summit Square
Fort Wayne, Indiana  46802
Telephone:  (260) 423-9411
barnard@carsonboxberger.com
pape@carsonboxberger.com
senk@carsonboxberger.com

# WELLS COUNTY AREA PLAN COMMISSION
WELLS CARNEGIE GOVERNMENT ANNEX
223 W. Washington St.
Bluffton, Indiana 46714-1955
Room 211   PHONE - 824-6407



April 27, 2012

AWS Foundation INC
8515 Bluffton Rd
Fort Wayne, IN 46809

Re: Group Home Regulations

It was brought our attention that AWS Foundation INC has purchased or built homes in Northern
Wells County at the following locations:

1. 6556 E 1200 N  Ossian  IN        46777  Zoned: A-1
2. 3224 W 1000 N  Markle  IN        46770  Zoned: A-1
3. 4759 W 900 N  Markle  IN         46770  Zoned: A-1

To avoid any ordinance issues some of the pertinent ordinance requirements are listed below.

A-1 Zoning District: Allows for single family dwellings (Table 9-14 Pg 26)

Single Family Dwelling Definition: A detached residential dwelling unit, other than a manufactured
home, designed for and occupied by one family. (Article 18 Pg 80)

A-1 Zoning District: Does not allow group homes (Table 9-14 Pg 37)

Group Home Definition: A residential structure housing multiple individuals that share common areas
of the structure and that share certain residential expenses. (Article 18 PG 81)

If you have any questions or concerns about the requirements listed please contact the Wells County
Area Plan Commission office.

Sincerely,

Michael W. Lautzenheiser Jr., AICP
Wells County, IN
APC Director / GIS Manager

**EXHIBIT**

1

# WELLS COUNTY AREA PLAN COMMISSION
WELLS CARNEGIE GOVERNMENT ANNEX
223 W. Washington St.
Bluffton, Indiana 46714-1955
Room 211   PHONE - 824-6407



Date:   May 30, 2012

MAY 31 2012

AWS Foundation INC
8515 Bluffton Rd
Fort Wayne, IN 46809

Re:   V 2012-017

It was brought our attention that AWS Foundation INC has purchased or built homes in Northern Wells
County at the following locations:

1.  6556 E 1200 N  Ossian  IN        46777  Zoned: A-1
2.  3224 W 1000 N Markle  IN         46770  Zoned: A-1
3.  4759 W 900 N  Markle  IN         46770  Zoned: A-1

After further investigation and discussion with employees at the sites these properties have been found
to in violation of the following ordinance sections.

A-1 Zoning District: Does not allow group homes (Table 9-14 Pg 37)

Group Home Definition: A residential structure housing multiple individuals that share common areas of
the structure and that share certain residential expenses. (Article 18 PG 81)

Violation Solutions: 1. You may appeal the violation if you feel that you meet the requirements of the
Wells County Zoning and Floodplain Management Ordinance within ten (10) days of receiving this letter.
2. The properties shall cease to be used as group homes.

If one of the solutions is not started to alleviate the violation within thirty (30) days, further actions may
be taken by the Plan Commission to remedy the violation.

Inspection:      April 26, 2012 and May 29, 2012   Phase 1: April 26, 2012

Sincerely,

Michael W. Lautzenheiser Jr., AICP
Wells County, IN
APC Director / GIS Manager



EXHIBIT
2



**Carson
Boxberger**
Attorneys

1400 ONE SUMMIT SQUARE
FORT WAYNE, IN 46802-3173
PHO (260) 423-9411 FAX (260) 423-4329
CARSONBOXBERGER.COM

Jeremy V. Senk
senk@carsonboxberger.com

June 11, 2012

Wells County Area Plan Commission
Attn: Director, Michael Lautzenheiser, Jr.
223 West Washington Street
Bluffton, IN 46714

RE:   AWS Foundation Ordinance Violation Appeal

Mr. Lautzenheiser:

Please be advised this Firm represents AWS Foundation, Inc., and this letter and its attachments are in response to the correspondence of May 30, 2012 from the Wells County Area Plan Commission ("APC") citing group home zoning ordinance violations for the following properties (collectively the "Homes"):

(1)  6556 E 1200 N Ossian, IN 46777          Zoned: A-1
(2)  3224 W 1000 N Markle, IN 46770          Zoned: A-1
(3)  4759 W 900 N Markle, IN 46770           Zoned: A-1

According to the Wells County Zoning and Floodplain Management Ordinance, A-1 Zoning Districts do not allow group homes.  (Table 9-14, Pg. 37).  The Ordinance defines "Group Home" as, "[a] residential structure housing multiple individuals that share common areas of the structure and that share certain residential expenses.  (Article 18, Pg. 81).  However, A-1 zoned districts do allow "Supervised Homes" defined as "[a] single family dwelling for the housing of people not related by blood or law, and under the custody, control, tutelage, supervision, or authority of any legal entity."  It seems that AWS fits squarely within this definition and would therefore not be in violation of the Zoning Ordinance.

Notwithstanding, if the APC refuses to recognize the AWS locations as supervised homes, we believe the Zoning Ordinance would be unenforceable against the individuals occupying the homes. As a matter of public policy, President Bush issued Executive Order 13212, "Community-Based Alternatives for Individuals with Disabilities," on June 18, 2001. The Order calls upon the Department of Justice, Health and Human Services, and Housing and Urban Development to revise policies, programs, and regulations to improve the availability of community-based services for individuals with disabilities.   The Order calls the Federal Government to swiftly implement the United States Supreme Court decision *In Olmstead v. L.C.,* which holds that unjustified isolation or segregation of qualified individuals through institutionalization is a form of disability.  The Court held that "[s]tates are required to place persons with mental disabilities in community settings rather than in institutions when the State's treatment professionals have determined that community placement is appropriate." 527 U.S. 581 (1999). Organizations like AWS provide a necessary link from clinical institutions

SOLUTIONS.

**EXHIBIT
3**

community based setting and should be accommodated.

Disabled and handicapped individuals are often discriminated against in terms of residential housing options as recognized by the U.S. Supreme Court and Executive Order 13212. In most cases, aggrieved parties file suit claiming violations of the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. § 3601-3619 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2). Both of these statutes mirror each other in many respects.

The Fair Housing Act makes it illegal:

"(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of-(A) that buyer or renter, ... (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of-(A) that person."

42 U.S.C. § 3604(f)(1)-(2). The section directly applicable to our situation is found under 42 U.S.C.A. § 3604(f)(2)(c)(3)(B) which states that:

"(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or...."

There are numerous Federal cases directly on-point interpreting the meaning of reasonable accommodations in the context of ordinance violations.   Overall, the Courts generally treat claimants under theses statutes favorably.

*Oconomowoc Residential Programs v. City of Milwaukee,* 300 F.3d 775 (2002), sets the standard within the 7th Circuit on these types of actions. In this case, Oconomowoc Residential Programs, Inc. ("ORP") provided residential and support services to persons with developmental disabilities, chronic mental illness, and traumatic brain injuries. ORP purchased a home that was appropriate for a group home and filed for an occupancy permit for a community-based residential facility for six developmentally disabled adults. The Milwaukee zoning board denied ORP the occupancy permit based on a zoning ordinance which prevented group homes within 2,500 feet of each other. ORP subsequently filed for a variance, but was denied with this action following for violating of the Fair Housing Act and Americans with Disabilities Act. *Id.* at 778. The Court granted ORP's motion for summary judgment holding that ORP "sufficiently established that the accommodation was reasonable and necessary to provide them with an equal opportunity to enjoy housing in a residential community in Milwaukee. The zoning variance was reasonable and necessary. *Id.* at 787. Finally, the Court held that Congress intended for the Fair Housing Act to apply to zoning ordinances and other laws that would restrict the placement of group homes. *Id.* at 782. The same can also be said about the ADA as well. *Id.* at 782.

Following the guidance in *Oconomowoc,* AWS would need to show the Court that the Fair Housing Act requires accommodation based on three factors:

(1) The Accommodation is reasonable, and

SOLUTIONS.

(2) necessary,

(3) to afford a handicapped person the equal opportunity to use and enjoy a dwelling. *Id.* at 783. Citing 42 U.S.C. § 3604(f)(3)(B). AWS would have the burden to show that the accommodation is reasonable on its face. The burden would then shift to defendant to demonstrate unreasonableness or undue hardship in the particular circumstances.

In determining the first element of reasonableness, the Court looked to whether the accommodation is "both efficacious and proportional to the costs to implement it." *Id.* at 784. By the same token, the accommodation is unreasonable if it "imposes undue financial or administrative burdens or requires a fundamental alteration in the nature of the program." *Id.* at 784. A zoning waiver would only be unreasonable if it is so "at odds with the purposes behind the rule that it would be a fundamental and unreasonable change." *Id.* at 784.

The necessary element asks whether the accommodation is necessary to "affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Id.* at 784. In essence, the plaintiff must show that without the accommodation they will be denied the "equal opportunity to live in a residential neighborhood." *Id.* at 784. Finally, the element of "equal opportunity" looks at the opportunity to choose to live in a residential neighborhood. *Id.* at 784. A zoning authority's refusal to provide reasonable accommodations to a small group living facility effectively denies those disabled persons an equal opportunity to live in a residential community. *Id.* at 784.

The defendants in *Oconomowoc* attempted to show that an accommodation on the zoning ordinance for the group home would cause undue hardship. They pointed to various issues with group homes, sexual abuse, neglect, and a laundry list of other issues. They cited concerns with additional costs to emergency services and traffic concerns. Ultimately, the Court found that:

> "A denial of a variance due to public safety concerns or concerns for the safety of the residents themselves cannot be based on blanket stereotypes about disabled persons rather than particularized concerns about individual residents."

*Id.* at 786. In our case, it is highly unlikely that the APC could present facts or circumstances creating an undue burden. The three houses cited in the ordinance violation are situated out in the county on large lots. The space between houses is much larger than most subdivisions. It's unclear how a group home in these locations would place a burden on the county.

Courts outside of the 7th Cir. have examined similar factual situations. For example, in *Marin v. Constance,* 843 F. Supp. 1321 (E.D. Missouri 1994), developmentally disabled adults living in a state owned and operated group home brought an action to enjoin enforcement of a restrictive covenant that would bar operation of the home. The Court found a discriminatory intent on the part of the defendants against the mentally disabled members of the group home. This alone violated the Fair Housing Act. Furthermore, the Court found that enforcement of the restrictive covenant would have a disparate impact on the disabled individuals. Ultimately, the Court concluded that non-enforcement of the restrictive covenant would have been a reasonable accommodation. The basic purpose behind enforcement of the restrictive covenant was to maintain the residential nature of the neighborhood. *Id.* at 6. The group home did not destroy this essential purpose. *Id.* at 6.

The damages associated with a civil action for violation of the Fair Housing Act or ADA are substantial. Aggrieved persons include individuals claiming to be injured by a discriminatory

housing practice and individuals who believe such person will be injured by a discriminatory housing practice. 42 U.S.C.A. § 3602. The prevailing party may be entitled to reasonable attorney's fees and costs. The statute outlines the following relief which may be granted:

"(c) Relief which may be granted

(1) In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) of this section, may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

(2) In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States shall be liable for such fees and costs to the same extent as a private person."

42 U.S.C.A. § 3613.

Additionally, 42 U.S.C.A. § 3617 provides a cause of action based on interference, coercion, or intimidation:

"It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

Please accept the above and enclosed as AWS' appeal of the referenced violations and place a hearing for the same on the calendar for the next appropriate date and time. Please contact me at your earliest convenience with any questions or concerns.

Very truly yours,

CARSON BOXBERGER LLP

Jeremy V. Senk

JVS.rar
Enclosures
F:\AWS\Fort Wayne Service 12.3451\ AWS Foundation 23490\Wells County Plan Commission matter 2012\Lautzenheiser letter 08.11.2012.doc

SOLUTIONS.

## Wells County Area Plan Commission
### 223 W. Washington St. Bluffton, IN 46714
### PH: (260) 824-6407 FAX: (260) 824-6415
### E-MAIL: GIS@wellscounty.org

### Requirements for Filing an Appeal of an Administrative Decision

Filing and Meeting dates are available at the Area Plan Commission Office and the Wells County Area Plan Commission Web Site (http://www.wellscounty.org/apc.htm)

Copies of the Wells County Zoning Ordinance and Wells County Subdivision Control Ordinance are available for purchase at the Wells County Area Plan Commission Office or may be viewed and printed online at the Wells County Area Plan Commission Web Site (http://www.wellscounty.org/apc.htm)

1) FILING
   a. This petition to Appeal an Administrative Decision will be heard at the next available public meeting of the Wells County Board of Zoning Appeals.
2) FEES
   a. Filing Fee $10.00 (payable to the Wells County Area Plan Commission)
   b. Signe Fee $10.00 (payable to the Wells County Area Plan Commission)
3) Filing
   a. Filled Out and Signed Petition and Findings of Fact and Ruling Document


\* All Fees Are Not Refundable
\* As A Petitioner You Are Responsible For Reviewing The Wells County Zoning Ordinance And Subdivision Control Ordinance Requirements For Your Appeal. The Area Plan Commission Office Staff Will Be Available To Answer Any Questions You May Have.
\* A COMPLETE FILING DOES NOT GUARANTEE APPROVAL.


APC STAFF:  Michael Lautzenheiser Jr. (Director); Amanda Studebaker (Administrative Assistant); Tracey Ulmer (Part-Time Clerical)

# Wells County Board of Zoning Appeals
## Appeal of an Administrative Decision
### Filing Form and Findings of Fact and Ruling Document

**Filing Form**

Appellant's Name: ___AWS FOUNDATION   Inc.___

Address: ___8515 Bluffton Rd.___          City: ___Fort Wayne___ State: ___IN___ Zip: ___46809___

Phone #: ___260-423-9411___          E-Mail: ___rader@carsonboxberger.com___

# Wells County Area Plan Commission

Wells Carnegie Government Annex
223 W. Washington St., Room 211
Bluffton, Indiana 46714
Phone 260-824-6407

I (We), __AWS Foundation, Inc._____ do hereby appoint
(Petitioner's Name)
__Jeremy V. Senk_____ to represents me (us) in the matter
(Representation's Name)
before the _Wells County Area Plan Comm._ at their meeting
(Board's Name)
on the ___ day of _____, 20__, regarding the following described real estate by me (us):
(Meeting Date)

DESCRIPTION:

4.545 Acres, NE 1/4, Section 09 , Township 019 N, Range ____ E

(or)

Lot No. ____, ___N/A_____ Addition,

In the City/Town of __Markle_____,

I (We) hereby understand fully that an agent appearing on my (our) behalf as the land

owner (s) of the above described real estate must provide this certificate to the Well County Area

Plan Commission Office and that statements made by my (our) representative SHALL be

binding on me (us) as the owner(s) of said real estate.


I (We) affirm under the pains and penalties for perjury that the foregoing representation

are true.                                       AWS Foundation, Inc.

Dated: _____          By: _____
                                      Printed name:   Andrew D. Boxberger

Findings of Fact and Ruling Document

PETITION FOR APPEAL OF AN ADMINISTRATIVE DECISION: _____
                                                    (To Be Filled Out By the Area Plan Commission Office)

APPELLANT (Petitioner): __AWS Foundation Inc._____
                              (Name of the Appellant)

LOCATED AT: __3224 W 1100 N Markle, IN, 46770_____
                  (Address or Location of the property to be appealed "Ex: 200 N between 300 W and 400 W"

DESCRIPTION: _____09-28-11___4.54A_____
                     (Brief Legal Description of the property "Ex: 40 A in the NE ¼ of S12T25NR12E"

CURRENT ZONING CLASSIFICATION: ____A-1_____
                                    (Use www.wellscountygis.org or contact the Plan Commission Office for Information)

PROPOSED APPEAL "Petition": ___Dwelling place not in violation of A-1 zoning designation_____
                                         (Brief Description of the Appeal)

PRINT DATE: _____6-8-12_____
                  (Date the document was filled out)

Comes now the Board of Zoning Appeals and in support of granting "Petitioner's" Petition for an Appeal of an Administrative Decision makes the following Findings of Fact, to wit:

"Petitioner" filed a Petition for an Appeal of an Administrative Decision as to the following described real estate located in ___Union_____ Township, Wells County, Indiana; more particularly described on Exhibit A attached hereto.

The sign as required by the Plan Commission has been duly posted in accordance with the Rules of Procedure of the Plan Commission more than fourteen days prior to the Plan Commission hearing.

On _____, the Board of Zoning Appeals conducted a hearing on the Petition in accordance with the Rules of Procedure of the Board of Zoning Appeals and the following evidence was heard.

APPEAL REASON: _1) Dwelling place improperly classified as a "Group Home" in violation of A-1 Zoning._
__2) Failure to provide reasonable accommodation to handicap and mentally challenged residents violates the Fair Housing Act and Americans with Disabilities Act._____

_____

_____

_____

_____

To Be Filled Out By the Petitioner or Petitioner's Agent

To Be Filled Out By the Petitioner

| | | | |
|---|---|---|---|
| Signature | Date | Signature | Date |

| | | | |
|---|---|---|---|
| Signature | Date | Signature | Date |

To Be Filled Out By the Petitioner

To Be Filled Out By the Area Plan Commission Office

(FOR APC OFFICE USE ONLY)

Conditions or Commitments: _____

_____

_____

Wherefore, based upon the above findings of fact and upon the Motion of _____, duly seconded by _____, the Petition for an Appeal of an Administrative Decision by "Petitioner" is hereby granted by a vote of _____ in favor and _____ opposed.

Granted this _____ day of _____, _____.


_____
Board of Zoning Appeals President


_____
Board of Zoning Appeals Secretary

## Wells County Area Plan Commission
### 223 W. Washington St. Bluffton, IN 46714
### PH: (260) 824-6407 FAX: (260) 824-6415
### E-MAIL: GIS@wellscounty.org

### Requirements for Filing an Appeal of an Administrative Decision

Filing and Meeting dates are available at the Area Plan Commission Office and the Wells County Area Plan Commission Web Site (http://www.wellscounty.org/apc.htm)

Copies of the Wells County Zoning Ordinance and Wells County Subdivision Control Ordinance are available for purchase at the Wells County Area Plan Commission Office or may be viewed and printed online at the Wells County Area Plan Commission Web Site (http://www.wellscounty.org/apc.htm)

1) FILING
   a. This petition to Appeal an Administrative Decision will be heard at the next available public meeting of the Wells County Board of Zoning Appeals.
2) FEES
   a. Filing Fee $10.00 (payable to the Wells County Area Plan Commission)
   b. Signe Fee $10.00 (payable to the Wells County Area Plan Commission)
3) Filing
   a. Filled Out and Signed Petition and Findings of Fact and Ruling Document


\* All Fees Are Not Refundable

\* As A Petitioner You Are Responsible For Reviewing The Wells County Zoning Ordinance And Subdivision Control Ordinance Requirements For Your Appeal. The Area Plan Commission Office Staff Will Be Available To Answer Any Questions You May Have.

\* A COMPLETE FILING DOES NOT GUARANTEE APPROVAL.


APC STAFF:  Michael Lautzenheiser Jr. (Director); Amanda Studebaker (Administrative Assistant);
Tracey Ulmer (Part-Time Clerical)

# Wells County Board of Zoning Appeals
### Appeal of an Administrative Decision
### Filing Form and Findings of Fact and Ruling Document

## Filing Form

Appellant's Name: __AWS FOUNDATION__ Inc.

Address: __8515 Bluffton Rd.__     City: __Fort Wayne__   State: __IN__   Zip: __46809__

Phone #: __260-423-9411__     E-Mail: __rader@carsonboxberger.com__

# Wells County Area Plan Commission

Wells Carnegie Government Annex
223 W. Washington St., Room 211
Bluffton, Indiana 46714
Phone 260-824-6407

I (We), __AWS Foundation, Inc.__ _____ do hereby appoint
(Petitioner's Name)
__Jeremy V. Senk__ _____ to represents me (us) in the matter
(Representation's Name)
before the __Wells County Area Plan Comm.__ at their meeting
(Board's Name)
on the _____ day of _____, 20__, regarding the following described real estate by me (us):
(Meeting Date)

DESCRIPTION:

__3.14__ Acres, SW/4, Section __09__, Township __019__ N, Range _____ E

(or)

Lot No. _____, _____ N/A _____ Addition,

In the City/Town of _____ Markle ,

I (We) hereby understand fully that an agent appearing on my (our) behalf as the land

owner (s) of the above described real estate must provide this certificate to the Well County Area

Plan Commission Office and that statements made by my (our) representative SHALL be

binding on me (us) as the owner(s) of said real estate.

· I (We) affirm under the pains and penalties for perjury that the foregoing representation

are true.

AWS Foundation, Inc.

Dated: _____

By: _____

Printed name:     Andrew D. Boxberger

Findings of Fact and Ruling Document

PETITION FOR APPEAL OF AN ADMINISTRATIVE DECISION: _____
<span style="float:right">(To Be Filled Out By the Area Plan Commission Office)</span>

APPELLANT (Petitioner): __AWS Foundation Inc._____
<span style="float:right">(Name of the Appellant)</span>

LOCATED AT: ___4759 W 900 N Markle, IN, 46770_____
<span style="float:right">(Address or Location of the property to be appealed "Ex: 200 N between 300 W and 400 W"</span>

DESCRIPTION: ___17-28-11 3.14A SW COR SW/4_____
<span style="float:right">(Brief Legal Description of the property "Ex: 40 A in the NE ¼ of S12T25NR12E"</span>

CURRENT ZONING CLASSIFICATION: ___A-1_____
<span style="float:right">(Use www.wellscountygis.org or contact the Plan Commission Office for Information)</span>

PROPOSED APPEAL "Petition": ___Dwelling place not in violation of A-1 zoning designation___
<span style="float:right">(Brief Description of the Appeal)</span>

PRINT DATE: ___6-8-12_____
<span style="float:right">(Date the document was filled out)</span>

Comes now the Board of Zoning Appeals and in support of granting "Petitioner's" Petition for an Appeal of an Administrative Decision makes the following Findings of Fact, to wit:

"Petitioner" filed a Petition for an Appeal of an Administrative Decision as to the following described real estate located in ___Union_____ Township, Wells County, Indiana; more particularly described on Exhibit A attached hereto.

The sign as required by the Plan Commission has been duly posted in accordance with the Rules of Procedure of the Plan Commission more than fourteen days prior to the Plan Commission hearing.

On _____, the Board of Zoning Appeals conducted a hearing on the Petition in accordance with the Rules of Procedure of the Board of Zoning Appeals and the following evidence was heard.

APPEAL REASON: _1) Dwelling place improperly classified as a "Group Home" in violation of A-1 Zoning._
_2) Failure to provide reasonable accommodation to handicap and mentally challenged residents violates the_
_Fair Housing Act and Americans with Disabilities Act._____
_____
_____
_____
_____
_____

To Be Filled Out By the Petitioner or Petitioner's Agent
To Be Filled Out By the Petitioner

| Signature | Date | Signature | Date |
|-----------|------|-----------|------|
| | 2/ / | | |
| Signature | Date | Signature | Date |

To Be Filled Out By the Petitioner
To Be Filled Out By the Area Plan Commission Office

(FOR APC OFFICE USE ONLY)

Conditions or Commitments: _____
_____
_____

Wherefore, based upon the above findings of fact and upon the Motion of _____, duly seconded by _____, the Petition for an Appeal of an Administrative Decision by "Petitioner" is hereby granted by a vote of _____ in favor and _____ opposed.

Granted this _____ day of _____, _____.


_____
Board of Zoning Appeals President


_____
Board of Zoning Appeals Secretary

## Wells County Area Plan Commission
### 223 W. Washington St. Bluffton, IN 46714
### PH: (260) 824-6407 FAX: (260) 824-6415
### E-MAIL: GIS@wellscounty.org

### Requirements for Filing an Appeal of an Administrative Decision

Filing and Meeting dates are available at the Area Plan Commission Office and the Wells County Area Plan Commission Web Site (http://www.wellscounty.org/apc.htm)

Copies of the Wells County Zoning Ordinance and Wells County Subdivision Control Ordinance are available for purchase at the Wells County Area Plan Commission Office or may be viewed and printed online at the Wells County Area Plan Commission Web Site (http://www.wellscounty.org/apc.htm)

1) FILING
   a. This petition to Appeal an Administrative Decision will be heard at the next available public meeting of the Wells County Board of Zoning Appeals.
2) FEES
   a. Filing Fee $10.00 (payable to the Wells County Area Plan Commission)
   b. Signe Fee $10.00 (payable to the Wells County Area Plan Commission)
3) Filing
   a. Filled Out and Signed Petition and Findings of Fact and Ruling Document


* All Fees Are Not Refundable
* As A Petitioner You Are Responsible For Reviewing The Wells County Zoning Ordinance And Subdivision Control Ordinance Requirements For Your Appeal. The Area Plan Commission Office Staff Will Be Available To Answer Any Questions You May Have.
* A COMPLETE FILING DOES NOT GUARANTEE APPROVAL.


APC STAFF:   Michael Lautzenheiser Jr. (Director); Amanda Studebaker (Administrative Assistant);
             Tracey Ulmer (Part-Time Clerical)

# Wells County Board of Zoning Appeals

## Appeal of an Administrative Decision

### Filing Form and Findings of Fact and Ruling Document

**Filing Form**

Appellant's Name: ___AWS FOUNDATION Inc.___

Address: ___8515 Bluffton Rd.___          City: ___Fort Wayne___ State: ___IN___ Zip: ___46809___

Phone #: ___260-423-9411___          E-Mail: ___rader@carsonboxberger.com___

# Wells County Area Plan Commission

Wells Carnegie Government Annex
223 W. Washington St., Room 211
Bluffton, Indiana 46714
Phone 260-824-6407

I (We), ___AWS Foundation, Inc._____ do hereby appoint
<br>(Petitioner's Name)

___Jeremy V. Senk_____ to represents me (us) in the matter
<br>(Representation's Name)

before the __Wells County Area Plan Comm.___ at their meeting
<br>(Board's Name)

on the ____ day of _____, 20__, regarding the following described real estate by me (us):
<br>(Meeting Date)

DESCRIPTION:

__4.00__ Acres, NE 1/4, Section __09__, Township __008__ N, Range ____ E

(or)

Lot No. ____, _____N/A_____ Addition,

In the City/Town of _____.Ossian_____,

    I (We) hereby understand fully that an agent appearing on my (our) behalf as the land owner (s) of the above described real estate must provide this certificate to the Well County Area Plan Commission Office and that statements made by my (our) representative SHALL be binding on me (us) as the owner(s) of said real estate.

    I (We) affirm under the pains and penalties for perjury that the foregoing representation are true.

AWS Foundation, Inc.

Dated: _____          By:_____

Printed name:   Andrew D. Boxberger

**Findings of Fact and Ruling Document**

PETITION FOR APPEAL OF AN ADMINISTRATIVE DECISION: _____
<span style="font-size:small">(To Be Filled Out By the Area Plan Commission Office)</span>

APPELLANT (Petitioner): __AWS Foundation Inc.__
<span style="font-size:small">(Name of the Appellant)</span>

LOCATED AT: ___6556 E 1200 N Ossian, IN, 46777___
<span style="font-size:small">(Address or Location of the property to be appealed "Ex: 200 N between 300 W and 400 W")</span>

DESCRIPTION: ___06-28-13 4.00A NE QTR___
<span style="font-size:small">(Brief Legal Description of the property "Ex: 40 A in the NE ¼ of S12T25NR12E")</span>

CURRENT ZONING CLASSIFICATION: ___A-1___
<span style="font-size:small">(Use www.wellscountygis.org or contact the Plan Commission Office for Information)</span>

PROPOSED APPEAL "Petition": ___Dwelling place not in violation of A-1 zoning designation___
<span style="font-size:small">(Brief Description of the Appeal)</span>

PRINT DATE: ___6-8-12___
<span style="font-size:small">(Date the document was filled out)</span>

Comes now the Board of Zoning Appeals and in support of granting "Petitioner's" Petition for an Appeal of an Administrative Decision makes the following Findings of Fact, to wit:

"Petitioner" filed a Petition for an Appeal of an Administrative Decision as to the following described real estate located in ___Jefferson___ Township, Wells County, Indiana; more particularly described on Exhibit A attached hereto.

The sign as required by the Plan Commission has been duly posted in accordance with the Rules of Procedure of the Plan Commission more than fourteen days prior to the Plan Commission hearing.

On _____, the Board of Zoning Appeals conducted a hearing on the Petition in accordance with the Rules of Procedure of the Board of Zoning Appeals and the following evidence was heard.

APPEAL REASON: __1) Dwelling place improperly classified as a "Group Home" in violation of A-1 Zoning.__
__2) Failure to provide reasonable accommodation to handicap and mentally challenged residents__
__violates the Fair Housing Act and Americans with Disabilities Act.__
_____
_____
_____
_____

To Be Filled Out By the Petitioner or Petitioner's Agent
To Be Filled Out By the Petitioner

| | | | |
|---|---|---|---|
| Signature | Date | Signature | Date |
| Signature | Date | Signature | Date |

To Be Filled Out By the Petitioner

To Be Filled Out By the Area Plan Commission Office

(FOR APC OFFICE USE ONLY)

Conditions or Commitments: _____

_____

_____

Wherefore, based upon the above findings of fact and upon the Motion of _____, duly seconded by _____, the Petition for an Appeal of an Administrative Decision by "Petitioner" is hereby granted by a vote of _____ in favor and _____ opposed.

Granted this _____ day of _____, _____.


_____

Board of Zoning Appeals President


_____

Board of Zoning Appeals Secretary

Result of the Appeal of V 2012-017

BZA Petition Numbers:
B12-06-16  3224 W 1100 N, Markle, IN 46770
B12-06-17  4759 W 900 N, Markle, IN 46770
B12-06-18  6556 W 1200 N, Ossian, IN 46777

Jim Schwarzkopf made a motion to affirm the Administrative Decision that the properties were in violation of the Wells County Zoning Ordinance.

Seconded by: Keith Masterson

Vote: 3-2
In Favor                    Opposed
Jim Schwarzkopf             Rose Ann Barrick
Keith Masterson            Harry Baumgartner Jr
Jerry Petzel

Reason: The question in The Administrative Decision was whether the use of these three properties qualified in the Zoning Ordinance as a Group Home or a Supervised Home. Each property in the above BZA petitions is presently zoned A-1.

**SUPERVISED HOMES:** A single family dwelling for the housing of people not related by blood or law, and under the custody, control, tutelage, supervision, or authority of any legal entity. **Allowed in A1, AR, R1, R2, R3, or S1 zoning districts**

GROUP HOME: A residential structure housing multiple individuals that share common areas of the structure and that share certain residential expenses. . Allowed **in R3 zoning district**

The attorneys representing Anthony Wayne Services Foundation, INC provided no written verifiable evidence that the use of the three homes in question should be defined as a supervised home verses a group home. They did not submit any documentation that proved that they were a legal entity within the State of Indiana. Also, there was no written and verifiable proof that the people were not related by blood or law. Serious concerns, by those attending the public meeting included whether people living in these houses where sufficiently under their custody, control, tutelage, supervision, or authority of Anthony Wayne Services Foundation, INC. Several unrelated events were described such people roaming around outside unsupervised and an instance of public indecency. The eyewitness description of those events provided evidence to prove that these properties were not supervised homes per the ordinance definition. No verifiable evidence was presented showing how these people living in the residential structre were under the custody, control, tutelage, supervision, or authority of Anthony Wayne Services Foundation, INC.

Jerry Petzel
BZA President

Michael Lautzenheiser Jr.
BZA Secretary

EXHIBIT
4